No. 562

LOWRY v. STANTZ

Ohio Appeals, 6th Dist., Williams CCo.

No. 143.    Decided April 7, 1925.

1094.  SLANDER—When charge is alleged

in petition, defense that it is true must meet and answer the substance of the defamatory charge; it need not meet absolutely the letter and form of the charge, substantial justification being sufficient.

YOUNG, J.

Elza Stantz brought an action in the Common Pleas against Adam Lowry for slander. It was alleged that Lowry, in the presence and hearing of Williams and divers persons, maliciously spoke, uttered, and published of and concerning Stantz, to the effect that he stole $2.00 out of his (Lowry's) pocketbook. Lowry filed an answer setting up a general denial and averring that within a day or two atfer the loss he spoke to Stantz and whatever was stated on that occasion concerning the loss of the pocketbook was true.

The Common Pleas directed a verdict in favor of Stantz.

Error was prosecuted and Lowry contended that the lower court erred in directing a verdict for Stantz, and also in its refusal to submit to the jury a general verdict for him. It was contended by Stantz that there was nothing in Lowry's answer wherein the words spoken were alleged to be true, and declared that it was too late to take advantage of 11342 GC., which provides that proof of the truth of a defamatory charge is a complete defense. The Court of Appeals held:

1. The fact that the answer contains a general denial does not prevent Lowry from availing himself of the defense of justification.

2. Plea in truth of Lowry, need not meet absolutely the letter and form of the charge, substantial justification being sufficient.

3. Defense of justification is to be liberally construed with a view of substantial justice between the parties.  11345 GC.

4. Instruction to jury to return verdict for Stantz left no other issue for jury except to the question of damages. This was error and the judgment is reversed and cause remanded.

Attorneys—A. L. Gebhard and John W. Winn for Lowry; Charles E. Scott and W. H. Shinn for Stantz; all of Bryan.